a writ of error coram nobis was filed under Rule 27(a) on October 11, 2011, and placed on the docket this date. On consideration thereof, said petition is hereby dismissed for lack of jurisdiction.

No. 11–0525/AF. U.S. v. Michael P. Grafmuller. CCA 37524. On consideration of Appellant's petition for a grant of review, Appellant is granted an enlargement of time up to and including February 29, 2012, to file the supplement.

No. 11–0434/AR. U.S. v. David J. Isenhower. CCA 20100354. Review granted on the following issue:

> WHETHER SPECIFICATION 1 OF CHARGE IV FAILS TO STATE AN OFFENSE BECAUSE IT DOES NOT EXPRESSLY ALLEGE OR NECESSARILY IMPLY THE TERMINAL ELEMENTS OF ARTICLE 134, UCMJ.

No briefs will be filed under Rule 25.

No. 11–0580/AR. U.S. v. Gregory A. Robinson. CCA 20100495. Review granted on the following issue:

> WHEN THE GOVERNMENT FAILS TO ALLEGE AN ARTICLE 134 TERMINAL ELEMENT, THE CHARGE FAILS TO STATE AN OFFENSE UNLESS THE TERMINAL ELEMENT CAN BE "NECESSARILY IMPLIED" FROM THE LANGUAGE OF THE SPECIFICATION. THE MISSING TERMINAL ELEMENTS FROM THE SPECIFICATION OF CHARGE IV CANNOT BE NECESSARILY IMPLIED FROM THE TEXT. ARE THE CHARGES FATALLY DEFECTIVE?

No briefs will be filed under Rule 25.

No. 12–0202/NA. U.S. v. Michael Ignacio. CCA 201100062. Review granted on the following issue:

> IN AN ARTICLE 120(h), UCMJ, CASE, THE MILITARY JUDGE FAILED TO INSTRUCT THE MEMBERS TO CONSIDER ALL OF THE EVIDENCE, INCLUDING THE EVIDENCE OF CONSENT, WHEN DETERMINING WHETHER THE GOVERNMENT PROVED GUILT BEYOND A REASONABLE DOUBT. IN LIGHT OF *UNITED STATES*

*v. PRATHER*, AND *UNITED STATES v. CHEESEMAN*, DOES THE APPLICATION OF THE AFFIRMATIVE DEFENSE PROVIDED BY ARTICLE 120 WITHOUT THE AFOREMENTIONED INSTRUCTION VIOLATE APPELLANT'S RIGHT TO DUE PROCESS?

Briefs will be filed under Rule 25.

No. 12–0249/AR.  U.S. v. Thomas E. Durham.  CCA 20100488.  Review granted on the following issue:

WHEN THE GOVERNMENT FAILS TO ALLEGE AN ARTICLE 134 TERMINAL ELEMENT, THE CHARGE FAILS TO STATE AN OFFENSE UNLESS THE TERMINAL ELEMENT CAN BE "NECESSARILY IMPLIED" FROM THE LANGUAGE OF THE SPECIFICATION. THE MISSING TERMINAL ELEMENTS FROM SPECIFICATIONS 1 THROUGH 16 OF THE CHARGE CANNOT BE NECESSARILY IMPLIED FROM THE TEXT.  ARE THE CHARGES FATALLY DEFECTIVE?

No briefs will be filed under Rule 25

No. 12–0181/AF.  U.S. v. Douglas L. Page, Jr.  CCA 37612.  Appellant's motion to supplement the record is denied.

No. 12–0171/AR.  U.S. v. Clayton J. Duncan.  CCA 20090545.  On consideration of the petition for grant of review of the decision of the United States Army Court of Criminal Appeals, it is ordered that said petition is hereby granted, and the decision of the United States Army Court of Criminal Appeals is affirmed.**  [See also ORDERS GRANTING PETITION FOR REVIEW this date.]

No. 12–0046/AR.  U.S. v. Daniel A. Smelser.  CCA 20110114.  Review granted on the following issue:

** It is directed that the promulgating order be corrected to change the sentencing date from 22 Jul 09 to 18 Jun 09.